ADAM WILLHART, PLAINTIFF, v. MORTIMER FORT, DEFENDANT.

Decided February 21, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *George L. Record.*

*Contra, John W. Palmer.*

PER CURIAM.

This is an automobile accident case. The plaintiff was traveling south through Washington street, Newark, on his way to Elizabeth, at about ten o'clock in the evening of June 15th, 1926. It was a rainy night. He testified that when he reached Clinton avenue he observed approaching from his left another car, going west on that avenue, and which was then about five hundred feet away from the intersection; that when he got about half-way across Clinton avenue he was run into by that car, which was owned by the defendant and was being driven by him. The defense was that the accident was the result of the negligence of the plaintiff and not of the defendant.

The trial resulted in a verdict in favor of the plaintiff, the jury awarding him $4,500. The defendant thereupon applied for and received a rule to show cause why the verdict should not be set aside, upon the ground that it was against the weight of the evidence upon the question of negligence, and that it was excessive.

The only question argued before us is the alleged excessiveness of the verdict. The plaintiff was the proprietor of an automobile garage. His testimony was that for a period of three weeks after the accident he was unable to do any work at all; that after the expiration of this period he was and still is unable to do any of the heavy work which his business requires; that, for this reason, he was compelled to lose a good many customers, causing a large falling off of his business and of the earnings resulting therefrom. Dr. Brothers, who was a member of the medical staff of St. Barnabas Hospital, in the city of Newark, testifies that, from his personal examination of the plaintiff, including an inspection of X-ray plates, he found that the plaintiff had a dislocation fracture at the outer end of the right collar-bone, which destroyed to some extent the muscular power which would naturally be in his right hand; in other words, that it partly destroyed his grip; that there was an injury to the left elbow, which caused a slipping of the tendons underneath; that there was some injury to the left tibia, and that there was also soreness of the left ribs and muscles and of parts of the abdomen directly thereunder. He further testified that these injuries, in his opinion, were permanent. The jury evidently accepted the doctor's testimony as an accurate description of the injuries received by the plaintiff as the result of this collision. This they had a right to do, and, having done so, we cannot say that the verdict, which was awarded as compensation for those injuries and which approximately amounted to $4,000 (the excess being compensation for damage done to the plaintiff's car and his doctor's bill), is excessive.

The rule to show cause will be discharged.